UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| DAWN TRINETTE OWEN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 08-365-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Dawn Trinette Owen ("Owen" or "the Claimant") and Defendant Michael J. Astrue, Commissioner of Social Security ("the Commissioner").  [Record Nos. 19, 20]  Owen  argues that the administrative law judge ("ALJ") assigned to her case erred in his evaluation of the medical source opinions regarding her psychological impairments.  She seeks reversal of the ALJ's decision and an award of benefits.  However, the Commissioner contends that the ALJ's decision was  supported by substantial evidence and should be affirmed.  For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by Owen.

**I.**

On October 18, 2005, Owen applied for a period of disability and disability insurance benefits under Title II of the Social Security Act.  [Tr., pp. 148-50]  She alleged a disability

-1-

beginning August 5, 2005.  [Tr., p. 148]  The applications were denied initially and upon reconsideration.  Owen then filed a complaint in this Court.  [Record No. 1]  However, the Commissioner moved to remand the case pursuant to Sentence Six of 42 U.S.C. 405(g) to "remove non-relevant evidence from the administrative record," evaluate additional evidence, and "secure medical/vocational expert testimony as necessary, and address all medical opinions of record." [Record No. 8, p. 1] The Court granted the motion and remanded the action. [Record No. 10]

On remand, the ALJ conducted additional hearings on June 21, 2010 and January 4, 2011. [Tr., pp. 1090-1132]  Owen and her attorney Rodney Davis appeared before ALJ Don C. Paris at these hearings, along with vocational experts Martha Goss and Linda Taber.  [Tr., pp. 1090, 1111]  In a decision dated February 4, 2011, ALJ Paris found that Owen was not disabled under sections 216(i) and 223(d) of the Social Security Act.  [Tr., p. 871]  The Appeals Council declined review on September 28, 2011.  [Tr., pp. 849-50]

Owen was forty-two years old at the time of the ALJ's decision.  [Tr., p. 148]  She has a bachelor's degree and previously worked as a social worker.  [Tr., pp. 804-06]  Her alleged disability stems from depression, anxiety, chronic pain syndrome, irritable bowel syndrome, migraines, TMJ, cervical strain, chronic joint pain, fibromyalgia, and lumbar pain with radiculopathy.  [Record No. 19, p. 4]  After reviewing the record and the testimony presented at the hearings, the ALJ concluded that Owen suffered from a combination of severe impairments, including: degenerative disc disease at C5-6 with pain and upper extremity radiculopathy; fibromyalgia; major depressive disorder recurrent; panic disorder without

agoraphobia; and trochanteric bursitis.  [Tr., p. 862]  Notwithstanding these impairments, ALJ

Paris found that Owen retained the residual functional capacity ("RFC") to perform light work.

[Tr., p. 867]  Regarding the claimant's mental impairments, the ALJ found that Owen had

> the mental capacity to understand, remember and carry out simple work
> instructions; sustain attention and concentration to perform such tasks in 2-hour
> segments in an 8-hour workday; can adequately relate to co-workers and
> supervisors in a low-stress object-focused work environment in which contact is
> casual and infrequent in a non-public work setting and adapt to a routine work
> environment without excessive productivity demands.

[*Id.*]  As a result of the ALJ's assessment, Owen was denied a period of disability and disability

insurance benefits.  [Tr., p. 871]

## II.

Under the Social Security Act, a "disability" is defined as "the inability to engage in

'substantial gainful activity' because of a medically determinable physical or mental impairment

of at least one year's expected duration."  *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th

Cir. 2007).  A claimant's Social Security disability determination is made by an ALJ in

accordance with "a five-step 'sequential evaluation process.'"  *Combs v. Comm'r of Soc. Sec.*,

459 F.3d 640, 642 (6th Cir. 2006) (en banc) (quoting 20 C.F.R. § 404.1520(a)(4)).  If the

claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with

respect to the fifth step.  *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

First, the claimant must demonstrate that she is not engaged in substantial gainful

employment at the time of the disability application.  20 C.F.R. § 404.1520(b).  Second, the

claimant must show that she suffers from a severe impairment or combination of impairments.

20 C.F.R. § 404.1520(c).  Third, if the claimant is not engaged in substantial gainful employment

and has a severe impairment which is expected to last for at least twelve months and which meets or equals a listed impairment, she will be considered disabled without regard to age, education, and work experience.  20 C.F.R. § 404.1520(d).  Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the claimant's RFC and relevant past work to determine whether she can perform her past work.  If she can, she is not disabled.  20 C.F.R. § 404.1520(f).

Under the fifth step of the analysis, if the claimant's impairment prevents her from doing past work, the Commissioner will consider her RFC, age, education, and past work experience to determine whether she can perform other work.  If she cannot perform other work, the Commissioner will find the claimant disabled.  20 C.F.R. § 404.1520(g).  The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform."  *White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 785 (6th Cir. 2009) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for Social Security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied.  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).  The substantial-evidence standard presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court.  *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).  Substantial evidence is such relevant

evidence as a reasonable mind might accept as sufficient to support the conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007); *Colvin v. Barnhart,* 475 F.3d 727, 730 (6th Cir. 2007); *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005); *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

## III.

Owen argues that the ALJ failed to properly evaluate the medical source opinions regarding her psychological impairments. Specifically, she asserts that the opinion of her primary therapist, Melissa Neal, LCSW, should have been given substantial weight by the ALJ. [Record No. 19, p. 6] Owen maintains that ALJ Paris erred when he discounted Dr. Dennis B. Sprague's analysis of her mental functional capacity. Moreover, Owen contends that the ALJ failed to set forth any basis for his rejection of the reports by Dr. Sandra Medley and Dr. Stuart A. Cooke. [*Id.*, p. 8] Finally, she argues that the RFC adopted by ALJ Paris was not supported by the evidence in the record. [*Id.*, p. 9]

### A.    Weight of Medical Source Evidence

#### 1.    Melissa Neal

Owen asserts that the report submitted by her therapist, Ms. Neal, should have been accorded substantial weight due to the length of their treatment relationship.  Ms. Neal completed a form entitled "§ 8:63 Medical Statement Concerning Depression for Social Security Disability Claim," on which she indicated that Owen experiences marked restrictions on the "activities of daily living" and extreme difficulty "maintaining social functioning." [Tr., p. 683] Ms. Neal also noted marked impairment in other areas, including Owen's "ability to work in coordination with and proximity to others," and "ability to respond appropriately to changes in the work setting." [Tr., pp. 684-85]

A treating source's medical opinion will be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the claimant's record.  20 C.F.R. § 404.1527(c)(2).  However, as the Commissioner points out, Melissa Neal's report is not "evidence from [an] acceptable medical source[]." 20 C.F.R. § 404.1513(a).  Neal is a licensed clinical social worker and, as such, is not a source "who can provide evidence to establish an impairment." 20 C.F.R. § 404.1513(a).  Although her opinion may be used "to show the severity of [the claimant's] impairment(s) and how it affects [her] ability to work," 20 C.F.R. § 404.1513(d), it is not entitled to controlling weight. *Yoakem v. Comm'r of Soc. Sec.*, No. 1:10-cv-639, 2011 WL 5870827, at *10 (S.D. Ohio Aug. 22, 2011) (noting that a social worker's report is "not entitled to controlling weight, nor is it treated as a medical opinion").

The ALJ evaluated Ms. Neal's opinion regarding Owen's impairments and assigned it little weight.  ALJ Paris indicated that he considered Neal's report but found it "inconsistent with

the weight of the evidence, particularly the reports from treating psychiatrist Dr. David Atcher." [Tr., p. 869]  Indeed, Ms. Neal's own treatment notes and medical statement are devoid of any specific clinical findings that would support the marked limitations she imposed on Owen's functioning.  [*See* Tr., pp. 413-25, 705-09, 783-89, 893-903, 908-10, 915-39, 1089]  Based on these considerations, the Court concludes that the ALJ did not err in discounting Neal's opinion regarding Owen's ability to work.

### 2. Dr. Sprague

Owen also objects to the ALJ's treatment of the report filed by Dr. Sprague, a consultative examiner.  As the Commissioner points out, the RFC was "largely consistent with the opinion" by Dr. Sprague.  [Record No. 20, p. 4]  However, ALJ Paris rejected several of Dr. Sprague's limitations on Owen's capacity to work where they conflicted with the RFC. Specifically, the ALJ discounted Dr. Sprague's opinion that Owen exhibited moderate to marked impairment in her "ability for sustained concentration and attention," her "ability to handle the stressors of everyday living," her "ability to do complex task functions in the work arena," and her "capacity for reliability and consistency in work-related efforts."  [Tr., p. 1077]

The ALJ rejected Dr. Sprague's findings of marked limitations because they were inconsistent with the "psychiatric progress notes."[1]  [Tr., p. 869]  Owen asserts that Dr. Atcher's notes actually support the limitations findings by Dr. Sprague.  Indeed, some of Dr. Atcher's

---

1  Although Owen expresses confusion about "which progress notes [the ALJ] was referring to and from which medical source," [Record No. 19, p. 7], the Court concludes that, taken in context, the ALJ was comparing Dr. Sprague's opinion to the progress notes made by Owen's treating psychiatrist, Dr. David Atcher.  [*See* Tr., p. 868 ("Progress notes from [Owen's] treating psychiatrist reflect that she is emotionally stable and has responded well to psychotropic medication.").]

findings may arguably provide support for Dr. Sprague's analysis. [*See* Tr., p. 1034 (noting "low energy during the day").]  However, the fact that the progress notes show general improvement over the course of Owen's treatment, in addition to Dr. Atcher's assessment of Owen's thought content and process as "Normal," also provides substantial evidence for the ALJ's rejection of the marked limitations contained in Dr. Sprague's report.  [*See* Tr., pp. 1020-60.]  And the "findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion."  *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).  Therefore, Owen's argument that ALJ Paris failed to provide a "sufficiently articulable reason to reject Dr. Sprague's report" is unpersuasive.  [Record No. 19, p. 7]

The Court also rejects Owen's contention that ALJ Paris "should have sought to clarify" the conflict between Dr. Sprague's report and the progress notes by "consider[ing] a follow-up with Dr. Sprague."  [Record No. 19, p. 8]  The ALJ was not required to contact Dr. Sprague or seek additional evidence.  Pursuant to 20 C.F.R. § 404.1520b(c), an ALJ may choose to recontact a medical source if, after weighing all the evidence in the record, he "cannot reach a conclusion about whether [the claimant is] disabled."  *Id.*  Here, the evidence in the record was sufficient to reach a conclusion regarding Owen's alleged disability.  Moreover, ALJ Paris was not required to recontact Dr. Sprague even if the evidence had not been sufficient, and his decision to "make a determination or decision based on the evidence" before him was a reasonable use of his discretion under the regulations.  20 C.F.R. § 404.1520b(d).  ALJ Paris did not err in refusing to obtain further evidence from Dr. Sprague.

### 3.   Dr. Cooke and Dr. Medley

Owen asserts that ALJ Paris erred because he "never set forth any basis for rejecting Dr. Cooke or Dr. Medley's report[s]."  [Record No. 19, p. 8]  She also argues that he failed to evaluate the restrictions contained in Dr. Cooke's report, which — according to Owen — was a "critical piece of evidence" that "would have rendered a finding of disability."  [*Id.*]  Thus, Owen maintains that the matter should be remanded for consideration of these medical sources.

ALJ Paris considered the reports submitted by Drs. Medley and Cooke in his March 20, 2008 opinion, and described the two consultative examiners' findings in great detail.  [*See* Tr., pp. 18-19]  On remand, the ALJ wrote that "[t]he medical evidence was discussed at length in the prior decision and will only be reiterated to the extent necessary herein and to address any new material evidence of record."  [Tr., p. 862]  ALJ Paris also indicated that he "considered opinion evidence in accordance with the requirements of 20 C.F.R. [§] 404.1527."  [Tr., p. 867]

Although ALJ Paris did not specifically set forth his reasons for declining to rely on the opinions of Drs. Medley and Cooke, it was not error because he was not required to do so. Social Security regulations require an ALJ to give "good reasons" for the weight accorded to the opinion of the claimant's treating physician.  20 C.F.R. § 404.1527(c)(2); *see also Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).  However, here is no such requirement for the opinions of examining medical sources. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007) (noting that the Social Security Administration "requires ALJs to give reasons for only *treating* sources" (emphasis in original)).  In other words, ALJ Paris "was under no special obligation" to provide a detailed discussion of his reasoning behind the weight given to the examining sources. *Norris v. Comm'r of Soc. Sec.*, 461 F. App'x 433, 440 (6th Cir. 2012).

Thus, the ALJ did not err when he "consider[ed] all the evidence without directly addressing in his written decision every piece of evidence submitted by a party." *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) (internal quotation marks omitted).

Moreover, the Court concludes that there was substantial evidence to support the ALJ's decision to discount the opinions of Drs. Medley and Cooke. Dr. Medley evaluated Owen on November 30, 2005. [Tr., pp. 371-76] She opined that Owen's anxiety and depression stemmed from her chronic pain, and gave Owen a Global Assessment of Functioning ("GAF") score of 56.[2] [Tr., p. 375] The ALJ's RFC determination was, for the most part, consistent with Dr. Medley's evaluation. The only finding that the ALJ rejected was Dr. Medley's assertion that Owen's "ability to adapt or respond to the pressures normally found in a day-to-day work setting from a mental health perspective appeared poor to fair." [Tr., p. 376] However, this opinion was inconsistent with the rest of the report, which demonstrated Dr. Medley's opinion that Owen had a good ability to understand and remember simple instructions, sustain concentration, and to interact appropriately socially. [*Id.*] Thus, the Court concludes that ALJ Paris's decision not to adopt Dr. Medley's opinion regarding Owen's ability to adapt to a work environment was reasonable.

Dr. Cooke submitted a January 29, 2007 psychological evaluation, as well as a "Medical Source Statement" form dated April 1, 2007. [Tr., pp. 687-95] Although the form indicated that Owen's ability to interact appropriately with others or respond appropriately to a work environment were markedly impaired, Dr. Cooke made no notes under the question "[w]hat

---

2       A GAF score of 51 to 60 indicates "moderate difficulty in social, occupational, or school functioning." [Record No. 20-1, p. 2]

supports this assessment?"  [Tr., p. 695]  Additionally, Dr. Cooke assigned a GAF score of 60 to Owen in January 2007, a finding that is at odds with the marked impairments noted on his April 2007 form.  [*Compare* Tr., p. 693, *with* Tr., p. 695; *see also* Record No. 20-1, p. 2.]  Due to the inconsistencies between the two opinions by Dr. Cooke, the ALJ did not err by declining to adopt the limitations in Dr. Cooke's RFC assessment.  Moreover, because Dr. Cooke was merely an examining source, ALJ Paris "was not obligated to agree with [Owen's] belief that the [Cooke] report was 'the most critical' of all the opinions in the record."  *Kornecky*, 167 F. App'x at 508.  In summary, the weight given to the opinions by Drs. Medley and Cooke was appropriate and supported by substantial evidence.

> ### B.      RFC

Owen contends that ALJ Paris "chose to disregard the opinion of each and every examining source and adopt his own psychological assessment."  [Record No. 19, p. 6]  She asserts that the ALJ should have relied on the "assessment[s] of functional capacity . . . from Drs. Cooke and Sprague and Melissa Neal."  [Record No. 19, p. 8]  However, a claimant's RFC — what tasks she can or cannot perform — is an issue reserved to the Commissioner.  20 C.F.R. § 404.1527(d)(2); *see also Edwards v. Comm'r of Soc. Sec.*, 97 F. App'x 567, 569 (6th Cir. 2004) ("[The RFC] determination is expressly reserved for the Commissioner.").  The ALJ need not "give any special significance to the source of an opinion on issues reserved to the Commissioner."  20 C.F.R. § 404.1527(d)(3).  Although it would be error for the ALJ to adopt an RFC without evaluating all of the medical source evidence, *see* SSR 95-5p, 1996 WL 374183, at *2 (July 2, 1996), ALJ Paris explicitly considered all of the evidence in the record of this case.

[Tr., p. 867]  Further, the Court has determined that the RFC was supported by substantial evidence from the record, including the majority of Dr. Sprague's and Dr. Medley's opinions, as well as the assessments of state agency consultants Dr. H. Thompson Prout and Dr. Jay Athy. [*See, e.g.*, Tr., pp. 379, 667, 1072-78]  Therefore, Owen's argument that ALJ Paris erred in adopting the RFC in this case is without merit.

## IV.

Substantial evidence supports the ALJ's determination that Owen is not disabled. Further, the Claimant's arguments that the ALJ failed to properly consider or give appropriate weight to the evidence of record is without merit.  Accordingly, it is hereby

**ORDERED** as follows:

(1)     Plaintiff Dawn Trinette Owen's Motion for Summary Judgment [Record No. 19] is **DENIED**.

(2)     Defendant Michael J. Astrue's Motion for Summary Judgment [Record No. 20] is **GRANTED**.

(3)     The administrative decision of Administrative Law Judge Don C. Paris will be **AFFIRMED** by separate judgment entered this date.

This 12th day of October, 2012.



Signed By:

_Danny C. Reeves_ DCR

United States District Judge